NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 11 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BRYAN MICHAEL FERGASON,

      Petitioner - Appellant,

v.

CALVIN JOHNSON; CHARLES DANIELS; ATTORNEY GENERAL OF THE STATE OF NEVADA,

      Respondents - Appellees.

No. 24-2233

D.C. No.
2:19-cv-00946-GMN-BNW

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, District Judge, Presiding

Submitted March 6, 2025[**]
Las Vegas, Nevada

Before: RAWLINSON, MILLER, and DESAI, Circuit Judges.

Following a jury trial, Bryan Michael Fergason was convicted in Nevada

state court on one count of conspiracy to commit burglary and possess stolen

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

property and 25 counts of possession of stolen property. He was sentenced to life imprisonment with the possibility of parole after 20 years. The Nevada Supreme Court affirmed. After unsuccessfully seeking state postconviction relief, Fergason filed a petition for a writ of habeas corpus in federal district court. The district court denied the petition. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a). We review the district court's denial of habeas relief de novo. *Runningeagle v. Ryan*, 825 F.3d 970, 978 (9th Cir. 2016). We affirm.

1. Fergason argues that his trial counsel provided ineffective assistance by failing to present an expert on property valuation. Because Fergason did not appeal the state postconviction court's denial of that claim, he asked the district court to consider a report from a valuation expert that would transform his unexhausted claim into a new claim. That new claim was procedurally defaulted because Fergason did not present it to the state postconviction court. Fergason argued that, under *Martinez v. Ryan*, he could establish cause to overcome the procedural default by showing that his postconviction counsel was also ineffective. 566 U.S. 1 (2012). The district court concluded that it could not consider the report because Fergason had "failed to develop the factual basis of [his] claim in State court proceedings." 28 U.S.C. § 2254(e)(2).

The district court was correct that it could not consider the valuation expert report. A petitioner has failed to develop the factual basis of a claim under section

2254(e)(2) if he is "'at fault' for the undeveloped record in state court." *Shinn v. Ramirez*, 596 U.S. 366, 382 (2022) (quoting *Williams v. Taylor*, 529 U.S. 420, 432 (2000)). Although a petitioner is not "at fault" if he was diligent in attempting to develop the record, *Williams*, 529 U.S. at 432, he is nonetheless "responsible for counsel's negligent failure to develop the state postconviction record," *Ramirez*, 596 U.S. at 383.

Fergason and his postconviction counsel were not diligent in seeking a valuation expert report. After Fergason raised the valuation expert claim in his pro se state petition, the state postconviction court held that the claim was "insufficiently specific" because Fergason had not shown "that an expert witness would have been available to testify about" the value of the stolen property or that the "expert's opinion would have been favorable." That explanation should have put Fergason's postconviction counsel on notice of what was required to develop the claim. But nothing in the record suggests that his counsel looked for an expert. Instead, Fergason's counsel all but ignored the claim. He did not elaborate on the claim in the supplemental petition he filed, nor did he ask for an evidentiary hearing to address it. Even if the state postconviction court should have ordered an evidentiary hearing based on Fergason's pro se petition, Fergason's counsel did not make "a reasonable attempt, in light of the information available at the time, to investigate and pursue [the] claim[]" after the court declined to order a hearing

based on the pro se petition alone. *Williams*, 529 U.S. at 435; *see also Lee v. Thornell*, 108 F.4th 1148, 1161 (9th Cir. 2024).

Because Fergason's postconviction counsel's failure to develop the new valuation expert claim—the one supported by the report—is imputed to Fergason, and Fergason does not argue that he can meet any of the section 2254(e)(2) exceptions, he cannot overcome the procedural default of that claim.

2. Fergason asks us to expand the certificate of appealability to consider the issue of whether his trial counsel was ineffective because counsel did not make a contemporaneous objection to testimony about his burglaries. But given the limiting instruction that his counsel sought and received, Fergason has not made a "substantial showing" that his counsel's performance was deficient or that he was prejudiced. 28 U.S.C. § 2253(c)(2); *see Strickland v. Washington*, 466 U.S. 668, 687 (1984). We thus decline to expand the certificate of appealability.

**AFFIRMED.**